## Ambrose, et ux. v. Reece.

(Decided December 5, 1919.)

### Appeal from Lee Circuit Court.

Appeal and Error—Finding of Chancellor.—The appellate court will not disturb the findings of a chancellor where the evidence

is conflicting and the court is not convinced the chancellor has erred to the prejudice of the substantial rights of appellant.

THEO. B. BLAKEY for appellants.

H. S. McGUIRE for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellee instituted this suit seeking the specific performance of a contract executed in April, 1911, by the terms of which appellant agreed to convey to Lizzie Dameral, wife of Alfred Dameral, a tract of land of about thirty acres on Ross creek in Lee county. This contract or title bond was assigned and transferred to appellee in December, 1912. The consideration for the conveyance was a heifer and a second-hand sewing machine.

Appellants declined to execute a deed and by way of defense to the suit denied the execution or delivery of the title bond, Lucinda Ambrose pleading affirmatively that the land was her separate estate purchased with money given her by her father; that by mistake of the draftsman the deed to the property was made to her husband, and she had been in the actual possession of the land for more than five years and appellee had abandoned any claim he may have had in or to same.

The chancellor granted the prayer of the petition. The proof is unsatisfactory and conflicting. The material witnesses being the interested parties or members of their families and there is no doubt they well knew for which side they were testifying. Two of the witnesses admit they were told the kind of testimony they were expected to give. Testimony of the latter kind is deserving of the severest condemnation, instead of strengthening it tends strongly to weaken the case of the side in whose behalf it is offered. It is unfortunate that litigants deem resort to such tactics necessary to bolster their causes.

There is nothing to indicate that counsel had aught to do with this evidence.

Lucinda Ambrose testifies she neither signed nor authorized any one to affix her signature to the contract; three witnesses say she directed her husband to sign her name. While saying she opposed the transaction, she was present at the Dameral home when the trade

was made, and later saw the contract drawn by her husband in her own home. They received the heifer and sewing machine, the latter she sold for $4.00. She never listed the property for taxation until 1917, the year the petition was filed; on the other hand, appellee has exercised ownership and control over the property since 1912, and paid taxes thereon.

At the time of the execution of the contract George Ambrose delivered to Alfred Dameral the deed to the property so that it could be recorded. The only reason George Ambrose assigns for his failure to execute the deed presented by appellee is that Alfred Dameral did not have the contract with him.

Though insisting her signature was unauthorized and she never consented to the deal, Lucinda Ambrose admits that after the trade she and her husband moved off the property and Alfred Dameral took possession of it.

The record in this case renders peculiarly applicable the salutary rule that where the evidence is conflicting and questions of fact, by reason thereof difficult of solution, if upon a consideration of the whole case the mind is left in doubt as to the correctness of the judgment, the findings of the chancellor will not be disturbed.

This is the view we take of the case and accordingly the judgment is affirmed.